W. E. HANKS, Appellant, v. C. A. FLYNN.

**Contract of Assumption:** CONSTRUED. Where, on the dissolution of
a partnership, the remaining partner agrees to pay the firm lia-
bilities, he is not concluded from questioning whether any par-
ticular claim is a firm liability, where it appears that he was to
pay all firm liabilities whether they appeared on the books or not.

*Appeal from Lucas District Court.*—HON. F. W. EICHEL-
BERGER, Judge.

SATURDAY, APRIL 8, 1899.

ACTION at law, aided by attachment, to recover eight
hundred and fifty dollars, with interest, on a written con-
tract. Defendant answered, admitting the execution of the
contract, denying that anything was due thereon, and alleg-
ing that the same was paid in a manner as will hereafter
appear. Defendant, by way of counterclaim, asks to recover
five hundred dollars damages for a wrongful suing out of the
attachment. Plaintiff replied, denying payment, and deny-
ing that the attachment was wrongfully sued out; and verdict
and judgment were rendered in favor of the defendant for
one hundred dollars. Plaintiff appeals.—*Affirmed.*

*Stuart & Bartholomew* and *W. B. Barger* for appellant.

*Temple & Hardinger* and *G. G. Reeside* for appellee.

GIVEN, J.—Plaintiff and defendant entered into a
co-partnership in the lumber and hardware business. The
only money put into the business, namely, one thousand five
hundred dollars, was borrowed from the First National
Bank of Chariton, for which these parties executed a promis-
sory note signed by each individually; one S. L. Holman
signing as security. This note was dated April 27, 1897, and
was due six months after date, with interest at eight per cent.

On June 16, 1897, these parties executed a writing as follows: ·

"The partnership heretofore existing between C. A. Flynn and W. E. Hanks, and doing business under the firm name of Flynn & Hanks, is hereby dissolved by mutual consent, according to the agreement below:

"Agreement: 1st. In and for the consideration of eight hundred and fifty dollars, and an agreement by C. A. Flynn to assume and pay the liabilities of the firm as shown by the books and invoices this day of the firm, W. E. Hanks agrees and does hereby sell all his right, title, and interest in the assets of the firm of Flynn & Hanks, as conveyed by a bill of sale dated April 27, 1897, given to W. E. Hanks & C. A. Flynn by C. E. Penick. 2d. C A. Flynn agrees to pay all liabilities of the firm of Flynn and Hanks as shown by the books and invoices of the firm this day."

On the same day defendant executed to plaintiff his promissory note for one hundred and eight dollars and fourteen cents, due in thirty days, which plaintiff afterwards transferred, and which has been paid. Plaintiff at the same time executed and acknowledged and delivered to defendant, a bill of sale, as follows:

"I, W. E. Hanks, of Lucas, Iowa, of the first part, for and in consideration of eight hundred and fifty dollars to me in hand paid by C. A. Flynn, of Lucas, Iowa, of the 2d part, do hereby sell and convey to the said C. A. Flynn my entire interest in and title to the stock of hardware, lumber, and books of account, and other assets, etc., as conveyed by bill of sale to W. E. Hanks and C. A. Flynn by C. E. Penick, dated April the 27th, 1897. W. E. Hanks."

On the eighteenth or nineteenth day of June, 1897, the defendant took up said note to the bank by giving another note, thereby releasing the plaintiff from all liability thereon to the bank. Defendant's claim is that this note to the bank was a personal liability of himself and plaintiff to the bank, and as surety for each other, and that by relieving plaintiff

from that liability, and by paying said note for one hundred and eight dollars and fourteen cents he had fully paid all that was due to him. Plaintiff's contention is that said debt to the bank was a "liability of the firm as shown by the books," and that under said agreement the defendant was bound to pay the same. He insists that, as said indebtedness to the bank was shown by the books that day to be a liability of the firm, the writing is conclusive on that subject, and that evidence to show that it was not a firm debt is inadmissible. The court admitted evidence offered by the defendant, over plaintiff's objection, tending to show that the debt to the bank was not a firm liability, and submitted that question to the jury; and of this action of the court the plaintiff complains. If the agreement had recited only that C. A. Flynn was to pay the liabilities of the firm, then, clearly, it would be open to inquiry whether a promissory note signed as that one was to the bank was a firm liability. In that case there would be nothing on the face of the agreement showing what were the firm liabilities. There is certainly force in the claim of the plaintiff that the words "as shown by the books and invoices of the firm this day," and the fact that the liability to the bank appeared on the books as a firm debt, are conclusive as to its being a firm debt. It is manifest, however, that it was the intention of the parties that defendant should pay all firm liabilities, whether shown on the books or not. No other provision was made for their payment, and certainly plaintiff did not expect to pay them. If the claim was made on a firm debt, defendant would not be heard to say that he was not liable under the agreement because the liability was not shown on the books. The words, "as shown on the books," were not intended to limit the defendant's liability. He assumed to pay all liabilities of the firm, and is not concluded by the agreement from raising the question whether any particular claim is a firm liability. There was no error in the ruling of the court, and the verdict has such support in the evidence that it should not be disturbed.—AFFIRMED.